UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WORLD SURVEILLANCE GROUP INC,

Plaintiff,

v.

LA JOLLA COVE INVESTORS, INC.,

Defendant.

Case No.  13-cv-03455-WHO

**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND; DENYING MOTION TO STRIKE**

Re: Dkt. Nos. 26, 27

## INTRODUCTION

Plaintiff World Surveillance Group Inc. ("WSGI") has sued defendant La Jolla Cove Investors, Inc. for breach of contract and various non-contract claims.  La Jolla concedes that WSGI has stated a contract claim (it does not concede the merits of that claim), but seeks to dismiss several of the non-contract claims for failure to state a claim.  I agree that WSGI's claims for intentional misrepresentation, fraud in the inducement, and securities fraud do not satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).  WSGI has also failed to plead that La Jolla owed it a fiduciary duty.  Accordingly, WSGI's claims for breach of fiduciary duty, intentional misrepresentation, fraud in the inducement, and securities fraud are DISMISSED WITH LEAVE TO AMEND.  In addition, WSGI's claim for unjust enrichment is DISMISSED WITHOUT LEAVE TO AMEND because unjust enrichment is not a cause of action

under California law.[1]

## BACKGROUND

La Jolla loaned money to and invested in WSGI.  In exchange for an initial loan of $500,000, La Jolla received a Convertible Debenture, which gave it the right to convert any portion of the loan into shares of WSGI stock.  If WSGI preferred to pay its ongoing loan obligations in cash rather than stock, the Convertible Debenture provided for a "True Up Term" which allowed WSGI to pay La Jolla the market value of the stocks instead.  The parties also entered into an Equity Investment Agreement under which La Jolla agreed to invest $5 million in WSGI through purchases of common stock in the minimum monthly amounts of $250,000.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  In considering whether the complaint is sufficient to state a claim, the court accepts as true all of the factual allegations contained in the complaint. *Id.* However, the court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted).

---

[1] La Jolla has also filed a motion to strike various portions of the complaint as immaterial or impertinent. Dkt. No. 27.  I DENY the motion to strike because this order grants WSGI leave to file an amended complaint and because of the limited importance of pleadings in federal practice. *See, e.g., Rosales v. Citibank,* 133 F.Supp.2d 1177, 1180 (N.D. Cal. 2001) (motions to strike "are generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice").  I note, however, that WSGI's complaint is 65 pages long and states twelve causes of action.  A more streamlined amended complaint would likely bring WSGI's allegations into sharper focus.

United States District Court
Northern District of California

**DISCUSSION**

**I.   UNJUST ENRICHMENT**

"[T]here is no cause of action in California for unjust enrichment."  *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793 (2003); *see also Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010) (same).  Rather than a theory of recovery, unjust enrichment is "the result of a failure to make restitution under circumstances where it is equitable to do so."  *Melchior*, 106 Cal. App. 4th at 793 (citations omitted).  Various causes of action may allege that a defendant has been unjustly enriched and that restitution is required.  For example, "restitution may be awarded where the defendant obtained a benefit from the plaintiff by fraud, duress, conversion, or similar conduct."  *Durell*, 183 Cal. App. 4th at 1370.  "In such cases, where appropriate, the law will imply a contract (or rather, a quasi-contract), without regard to the parties' intent, in order to avoid unjust enrichment."  *Id.*

"A plaintiff may not, however, pursue or recover on a quasi-contract claim if the parties have an enforceable agreement regarding a particular subject matter."  *Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1388 (2012), *as modified on denial of reh'g* (Feb. 24, 2012).  Consequently, "[a]s a matter of law, an unjust enrichment claim does not lie where the parties have an enforceable express contract."  *Durell*, 183 Cal. App. 4th at 1370.

In this case, WSGI has explicitly pleaded the existence of enforceable agreements between the parties.  *See, e.g.,* Compl. ¶ 145.  WSGI is "therefore precluded from asserting a quasi-contract claim under the theory of unjust enrichment."  *Klein*, 202 Cal.App.4th at 1389 (affirming demurrer to unjust enrichment claim where "plaintiffs' breach of contract claim pleaded the existence of an enforceable agreement and their unjust enrichment claim did not deny the existence or enforceability of that agreement").  WSGI's unjust enrichment claim is DISMISSED WITH PREJUDICE.

**II.  BREACH OF FIDUCIARY DUTY**

The California Supreme Court has explained that "before a person can be charged with a fiduciary obligation, he must either knowingly undertake to act on behalf and for the benefit of another, or must enter into a relationship which imposes that undertaking as a matter of law."

*United States District Court*
*Northern District of California*

3

1    *Comm. On Children's Television, Inc. v. Gen. Foods Corp.*, 35 Cal. 3d 197, 221 (1983).

2           WSGI argues that La Jolla "knowingly undertook the obligations of a fiduciary,"

3    apparently conceding that the parties' relationship does not impose a fiduciary obligation on La

4    Jolla as a matter of law.  Opp. at 8.  In support, WSGI cites paragraph 223 of the complaint, which

5    states

6              In 2011 and 2012, WSGI and La Jolla had discussions about La
               Jolla's possible financial investment in WSGI. La Jolla
7              communicated to WSGI that its intentions were to take a long-term
               equity position in WSGI, to provide funds necessary to help WSGI
8              grow its business according to the schedule in the EIA, and to
               convert debt into stock of WSGI as it continued to fund WSGI's
9              financial needs. Further, La Jolla promised that it would specifically
               structure the Agreements with WSGI in a way that all parties would
10             benefit.

     Compl. ¶ 223.

11
           This allegation does not indicate that La Jolla intended to "act[ ] primarily for the benefit"
12
     of WSGI.  *City of Hope Nat. Med. Ctr. v. Genentech, Inc.*, 43 Cal. 4th 375, 386 (2008).  On the
13
     contrary, the allegation merely indicates that La Jolla's goal was to effectuate a mutually
14
     beneficial agreement; not that it agreed to work on behalf of WSGI and for WSGI's benefit.
15
     Similarly, in *City of Hope*, the California Supreme Court found no fiduciary relationship where
16
     "contractual provisions indicate that the parties' common goal was to achieve a mutually
17
     beneficial arrangement, not that Genentech had undertaken a fiduciary obligation 'to act on behalf
18
     of and for the benefit of the other.'"  *City of Hope*, 43 Cal. 4th at 386 (citing *Children's Television*,
19
     35 Cal. 3d at 221).  WSGI's claim for breach of fiduciary duty is DISMISSED WITH LEAVE TO
20
     AMEND.
21
     **III. INTENTIONAL MISREPRESENTATION**
22
           WSGI's claim for intentional misrepresentation is subject to the heightened pleading
23
     requirements of Federal Rule of Civil Procedure 9(b).  *See, e.g., Textainer Equip. Mgmt. (U.S.)*
24
     *Ltd. v. TRS Inc.*, 07-cv-01519 WHA, 2007 WL 1795695 (N.D. Cal. June 20, 2007) ("a claim for
25
     intentional misrepresentation is also subject to the heightened pleading standard of Rule 9(b)").
26
     To satisfy Rule 9(b), the complaint must "state the time, place, and specific content of the false
27
     representations as well as the identities of the parties to the misrepresentation."  *Edwards v. Marin*
28

     United States District Court
     Northern District of California

                                             4

United States District Court
Northern District of California

1  *Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004).

2      WSGI contends that "paragraphs 10-142 . . . lay out in full detail the unabridged extent of

3  La Jolla's deceitful actions, including numerous allegations (supported by detailed facts

4  supporting (either directly or through inference) a claim that La Jolla knowingly made false

5  representations." Opp. at 10; *see also id.* at 11 ("the summary of the allegations supporting

6  intentional misrepresentation in WSGI's seventh claim, along with the 133 paragraphs laying out

7  the detail of that fraud, sufficiently alleges a claim for intentional misrepresentation with ample

8  fact sufficient to satisfy Rule 9(b).").

9      Paragraphs 10-142 comprise *the entire body of the complaint*, excluding the causes of

10  action and jurisdictional allegations.[2]  WSGI has not specified any particular paragraphs that

11  supposedly contain the specificity that Rule 9(b) requires.  Nor do the "summary of the

12  allegations" in the intentional misrepresentation claim contain the "time, place, and specific

13  content of the false representations as well as the identities of the parties to the misrepresentation."

14  In order to state a claim for intentional misrepresentation, WSGI must plead when the alleged

15  misrepresentations occurred, the specific content of the misrepresentations, who made them, and

16  why they were false.  The intentional misrepresentation claim is DISMISSED WITH LEAVE TO

17  AMEND.[3]

18  **IV. FRAUD IN THE INDUCEMENT**

19      Fraud in the inducement is a subset of fraud and must be sufficiently detailed to meet the

20  heightened Rule 9(b) pleading standard for fraud.  *See, e.g., Parino v. BidRack, Inc.*, 838 F. Supp.

21  2d 900, 906 (N.D. Cal. 2011).  WSGI's fraud in the inducement claim is largely based on the same

22  allegations as its intentional misrepresentation claim.  Accordingly, the fraud in the inducement

23  claim likewise fails for failure to allege the "time, place, and specific content of the false

24  _____

25  [2] WSGI's citation to 131 paragraphs, without explanation, for the supposed allegations necessary
to state a claim is not helpful.  *Cf Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929

26  (9th Cir. 2003) ("Judges are not like pigs, hunting for truffles buried in briefs.") (citing *United
States v. Dunkel,* 927 F.2d 955, 956 (7th Cir. 1991)).

27  [3] Because intentional misrepresentation is not pleaded with the requisite particularity, I do not at
this time address La Jolla's argument that the claim also fails because it relies on alleged

28  contractual breaches and because it is based on promissory representations.

5

representations as well as the identities of the parties to the misrepresentation." *Edwards*, 356 F.3d at 1066.[4] The intentional misrepresentation claim is DISMISSED WITH LEAVE TO AMEND.

## V.   SECURITIES FRAUD (Exchange Act Section 10(b))

Section 10(b) "is intended to prohibit the use or employment of any deceptive device in connection with the purchase or sale of securities, including deception as part of a larger scheme to defraud the securities market." *Simpson v. AOL Time Warner Inc.*, 452 F.3d 1040, 1047 (9th Cir. 2006) *vacated on other grounds*, 552 U.S. 1162 (2008). To be liable under Section 10(b) for participation in a scheme to defraud, the defendant "must have engaged in conduct that had the principal purpose and effect of creating a false appearance of fact in furtherance of the scheme." *Id*. at 1048. "Principal purpose" means that the "challenged conduct of the defendant had a principal purpose, and not just an accidental effect, of creating a false appearance as part of a deceptive transaction or fraudulent scheme." *Id*. at 1048 n.5. For example, "the invention of sham corporate entities to misrepresent the flow of income, may have a principal purpose of creating a false appearance." *Id*. at 1050. On the other hand, "[c]onduct that is consistent with the defendants' normal course of business would not typically be considered to have the purpose and effect of creating a misrepresentation." *Id*.

Section 10(b) claims are subject to the heightened pleading requirements of Rule 9(b). *See, e.g., In re Daou Sys., Inc.*, 411 F.3d 1006, 1014 (9th Cir. 2005) ("It is well established that claims brought under Rule 10b–5 and section 10(b) must meet the particularity requirements of Federal Rule of Civil Procedure 9(b).").

WSGI alleges that La Jolla engaged in a scheme to defraud WSGI and the public by

---

[4] WSGI contends that "[i]nstead of merely looking to the paragraphs contained in WSGI's eighth claim, La Jolla should have gone through WSGI's extensive fact section to find the massive amounts of factual support to support WSGI's claim of fraud in the inducement. If it had, it would have discovered that WSGI properly alleges that it was manipulated by La Jolla into signing the agreement based on La Jolla's misrepresentations." Opp. at 15. But, as with its intentional misrepresentation claim, La Jolla has not specified where in its "extensive" fact section there are factual allegations which satisfy Rule 9(b). It is WSGI's responsibility, not the Court's, to "go through" its "extensive fact section" to identify the facts necessary to withstand the motion to dismiss. *See supra* note 1. I have, however, reviewed WSGI's fact section and determined that the requisite facts are not alleged.

United States District Court
Northern District of California

"manipulating WSGI's common stock price."  Compl. ¶¶ 260, 263.  Specifically, WSGI alleges that

> La Jolla was consistently and constantly buying WSGI's shares at a deep discount-and were [sic] able to receive additional shares depending on when La Jolla chose to issue their conversion notices- and short selling those shares and dumping large volumes of shares into the market to manipulate the stock prices to their advantage.

Compl. ¶ 262.  WSGI also alleges that "La Jolla has purposefully manipulated and shorted WSGI's stock and held back funding required by the Agreements."  Compl. ¶ 140.

WSGI has not adequately alleged what false appearance of fact La Jolla endeavored to create.  WSGI appears to allege that La Jolla's purchase and sale of WSGI stock had the purpose and effect of creating a false appearance of fact regarding the valuation of La Jolla's stock.  But WSGI has not adequately alleged how La Jolla's conduct created a false appearance of fact regarding the value of La Jolla's stock, nor that creating the false appearance was the principal purpose of La Jolla's conduct.  On the contrary, La Jolla's alleged conduct—buying and selling WSGI stock—is consistent with La Jolla's normal course of business.  WSGI alleges that "La Jolla is an investor and financier focusing on private money lending."  Compl. ¶ 2.  As an investor, La Jolla would be expected to purchase and sell stock.

WSGI contends that its complaint "clearly alleges the exact way in which La Jolla was able to, in essence, create more stock for itself through a manipulation of the agreements *without buying the stock* in accordance with the Agreements."  Opp. at 17 (emphasis in original).  Again, WSGI does not indicate where in the 65 page complaint it "clearly" makes this allegation.  In any event, WSGI has not explained how La Jolla's supposed manipulation of the agreements created a false appearance of fact, as required for Section 10(b) liability for a scheme to defraud.  WSGI likewise fails to plead with the requisite particularity how La Jolla allegedly "h[o]ld[ing] back funding required by the Agreements" relates to the supposed scheme to create a false appearance of fact.

7

1    I will give  WSGI another opportunity to attempt to state a 10(b) claim.[5]  WSGI's 10(b)

2  claim is DISMISSED with LEAVE TO AMEND.

3                                    **CONCLUSION**

4    La Jolla's motion to dismiss is GRANTED.  WSGI's claims for breach of fiduciary duty,

5  intentional misrepresentation, fraud in the inducement and securities fraud are DISMISSED WITH

6  LEAVE TO AMEND.  WSGI's claim for unjust enrichment is DISMISSED WITHOUT LEAVE

7  TO AMEND.  Any amended complaint shall be filed within 30 days of this order.

8    La Jolla's motion to strike is DENIED.

9

10    **IT IS SO ORDERED**.

11  Dated: April 11, 2014



12

13                                    WILLIAM H. ORRICK
                                       United States District Judge

14

15

16

17

18

19

20

21

22

---

23  [5] WSGI's scienter allegations are also deficient.  WSGI's conclusory allegation that La Jolla
    "manipulated" WSGI's stock price is not sufficient to create a "strong inference of scienter," as
24  required for 10(b) liability.  WSGI's argument that the complaint contains "multiple factual
    allegations supporting scienter" does nothing to help its cause since it does not actually cite any
25  portions of the complaint. WSGI's bald assertion that "there should have been no doubt" that La
    Jolla's conduct would reduce the value of WSGI's stock is also insufficient.  WSGI has wholly
26  failed to plead "in great detail, facts that constitute strong circumstantial evidence of deliberately
    reckless or conscious misconduct," which is required to plead scienter.  *Simpson*, 452 F.3d at 1048
27  n.5.  Given the deficiencies in WSGI's 10(b) claim already noted, I do not address the other
    arguments raised by La Jolla.
28

United States District Court
Northern District of California